BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
APR 30 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE FRANKLIN NATIONAL BANK )
SECURITIES LITIGATION        )  DOCKET NO. 196

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *,
EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER *,
JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

I. Background

This litigation arises from the recent failure of the Franklin National Bank (FNB) and consists of ten actions in two federal districts -- six in the Eastern District of New York and four in the Southern District of New York. These actions include an injunctive action by the SEC, five alleged class actions for damages on behalf of purchasers of securities issued by the Franklin New York Corporation (FNYC), which is FNB's corporate parent, and four derivative damage actions on behalf of FNYC shareholders. In addition, FNB has been placed in receivership in the Eastern District of New York and FNYC has filed a petition for bankruptcy in the Southern District of New York.

While the defendants differ somewhat among the SEC, class and derivative actions, the principals are as follows: FNB; FNYC; former directors and officers of each; their independent auditors, Ernst & Ernst; certain foreign corporations

---

* Although Judges Wisdom, Weinfeld, Becker and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

affiliated with Michele Sindona, a director and controlling shareholder of FNYC; and the Federal Deposit Insurance Corporation (FDIC), which has been designated as FNB's receiver.

These actions focus upon the same operative facts that allegedly led to FNB's collapse. The complaints in the SEC and class actions contain allegations that defendants violated Section 10(b) of the Securities Exchange Act of 1934 by not properly disclosing certain losses and financial weaknesses of FNB, while the complaints in the derivative actions contain allegations that defendants' conduct constituted violations of the National Bank Act.

Six defendants who are former directors and officers of FNYC and FNB move the Panel for an order transferring the SEC, class and derivative actions to the Eastern District of New York. All parties recognize the existence of common factual issues among these actions, but some parties oppose transfer in whole or in part on other grounds. We find that these actions involve common questions of fact and that their transfer to the Eastern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

II. The Question of Transfer

Most of the parties perceive the need for transfer of the actions in this litigation to a single district under Section 1407 in order to prevent duplicative discovery and inconsistent

pretrial rulings concerning numerous common factual questions arising from the activities that led to FNB's collapse. Nevertheless, the objectors to transfer raise the following issues:

A. Transfer of the SEC Action

The SEC and certain individual defendants oppose transfer of the SEC action on the ground that the SEC's discovery needs are minimal compared to the needs of the private plaintiffs and, therefore, the public's strong interest in the speedy prosecution of the SEC action might be delayed by its inclusion in Section 1407 proceedings. We have heard these arguments before, however, and adhere to our previous decisions in which we have found that the purposes of the statute can best be achieved by having a single judge supervise not only the private actions but also the clearly related SEC action. See, e.g., In re National Student Marketing Litigation, 368 F. Supp. 1311 (J.P.M.L. 1973); In re Caesar's Palace Securities Litigation, 385 F. Supp. 1256 (J.P.M.L. 1974).

Once again, we point out that the transferee judge has the broad flexibility to tailor a pretrial schedule to accommodate any divergent interests among the parties in the various actions. More precisely, he is free to gauge the extent of coordination appropriate between the SEC and private actions, without inhibiting the SEC's efforts for prompt injunctive relief and without sacrificing the advantages of centralized pretrial proceedings.

B. Coordination or Consolidation of the Class and Derivative Actions

Defendant FDIC and the trustee in FNYC's bankruptcy proceedings recognize the value of some coordination between

the class and derivative actions, but express concern over the degree of coordination or consolidation between the two groups of actions because of their conflicting objectives; namely, the purpose of the derivative actions is to recover FNB's assets, whereas the goal of the class actions is to obtain damages from FNB and FNYC. Our observation in the preceding section of this opinion regarding the flexibility of the transferee judge to fashion pretrial proceedings to suit divergent interests is equally applicable here. And we emphasize that whether and to what extent the pretrial proceedings should be coordinated or consolidated is strictly the province of the transferee judge. In re Equity Funding Corporation of America Litigation, 375 F. Supp. 1378, 1384-85 (J.P.M.L. 1974).

C. Transfer of the Kanner Action

The plaintiff in the Kanner action pending in the Southern District of New York has filed a motion to remand the action to New York state court. Plaintiff Kanner urges the Panel to postpone any decision on the question of transfer of this action until the remand motion has been decided.

We see no reason for delaying transfer of Kanner because it certainly shares a commonality with the other actions in this litigation and the transferee judge can easily resolve the remand issue. See In re Florida Everglades Air Disaster Litigation, 368 F. Supp. 812 (J.P.M.L. 1973).

D. Effect of Bankruptcy Rule 401

Bankruptcy Rule 401 provides that the filing of a petition for bankruptcy operates as an automatic stay of the

- 5 -

commencement or continuation of any action against the bankrupt until further order by the bankruptcy court; the parties may seek to vacate or modify the stay. Rule 401, <u>Rules of Bankruptcy Procedure</u>. Since defendant FNYC has filed a petition for bankruptcy and, hence, all of the actions are affected by this rule, defendant Sindona questions the authority of the Panel to transfer these actions under Section 1407 until the stay is vacated or appropriately modified.

We completely disagree. Transfer of these actions under Section 1407 in no way affects the operation of the stay brought about by Bankruptcy Rule 401. We are simply indicating the place where the pretrial proceedings of these actions will occur. The question of the effect of the bankruptcy stay and any modification thereof is entirely a problem to be worked out by the transferee court, the bankruptcy court and the parties. A Section 1407 transfer will produce the salutary consequence of having a single judge coordinate these actions with the bankruptcy proceedings and thereby eliminate the possibility of inconsistent rulings.

III. <u>The Transferee District</u>

Because the two districts wherein these actions are pending are in proximity to each other, the selection of either one as the transferee forum for this litigation will not substantially inconvenience any of the parties. On balance, we are persuaded that the Eastern District of New York is the preferable transferee district since most of the parties favor transfer to that district and most of the actions are already pending there.

Moreover, Judge Orrin G. Judd, who is handling all of the Eastern District of New York actions, has become familiar with the underlying factual issues in this litigation, which will enable him to supervise it toward its most just and expeditious termination.

IT IS THEREFORE ORDERED that all actions listed on the following Schedule A pending in the Southern District of New York be, and the same hereby are, transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable Orrin G. Judd for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions listed on Schedule A and pending in that district.

SCHEDULE A                                                          DOCKET NO. 196

### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Irving Rothman v. Raymond T. Andersen, et al. | Civil Action No. 74C 894 |
| Lillian Ratner v. Franklin National Bank, et al. | Civil Action No. 74C 1174 |
| Freida Mendes v. Michele Sindona, et al. | Civil Action No. 74C 1256 |
| Benjamin Pilcer, et al. v. Franklin New York Corp., et al. | Civil Action No. 74C 1372 |
| Harry Stern v. Michele Sindona, et al. | Civil Action No. 74C 1379 |
| Louis Pergament, et al. v. Franklin National Bank, et al. | Civil Action No. 74C 1451 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Securities & Exchange Commission v. Franklin New York Corp. | Civil Action No. 74 Civ. 4557 |
| Joyce H. Bookstein v. Franklin New York Corp. | Civil Action No. 74 Civ. 4595 |
| Robert Gold v. Ernst & Ernst, et al. | Civil Action No. 74 Civ. 4622 |
| Joseph J. Kanner v. Raymond T. Andersen, et al. | Civil Action No. 74 Civ. 5440 |

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 30 1975

IN RE FRANKLIN NATIONAL BANK )
SECURITIES LITIGATION )

DOCKET NO. 196
PATRICIA D. HOWARD
CLERK OF THE PANEL

PARTIAL DISSENTING OPINION

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

EDWARD WEINFELD, JUDGE OF THE PANEL, DISSENTING IN PART:

I would not coordinate or consolidate the SEC action with the other actions for the reasons set forth in my dissent in In re National Student Marketing Litigation, 368 F. Supp. 1311, 1319-20 (J.P.M.L. 1973).